IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SARA SWENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 07-2443 JTM |
| | ) | |
| VALLEY VIEW BANCSHARES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon agreement of Plaintiff Sara Swenson, and Defendant Valley View Bancshares, Inc., Plaintiff Sara Swenson and Defendant Valley View Bancshares, Inc. respectfully request that this Court enter this Joint Protective Order. The parties to the protective order state as follows:

1. The parties to the protective order have agreed that certain documents and information produced or disclosed during this litigation may be treated as confidential. Such information subject to confidential treatment may include documents and interrogatory answers as they relate to the following subject matters:

a. Information regarding Defendant Valley View Bancshares, Inc.'s finances, insurance, trade secrets, or other proprietary information, disclosure of which would be damaging to Defendant's business.

b. Personnel information, including personnel files containing employment applications, background checks, and credit checks.

c. Any other information designated "Confidential" by the party producing the information.

d. Plaintiff's medical history, including records regarding doctor's office or hospital visits, prescription drugs, and any psychiatric or counseling sessions.

e. Information regarding the customers of Defendant Valley View Bancshares, Inc., including information regarding customers' names, Social Security numbers, and the amount of and/or terms of their accounts.

2. The parties to the protective order agree the information described in paragraph 1 should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. Among other risks of injury, disclosure of the above information potentially could result in invasion of privacy interests, annoyance, embarrassment, or oppression to the parties and others.

3. Any confidential documents and the information contained therein shall be disclosed only to the parties to the protective order, their counsel of record, counsel's staff personnel on a need-to-know basis, and any parties in the case (including current employees and experts) as may from time to time reasonably be necessary in the prosecution or defense of this action, provided, however, that confidential information may not be disclosed to any expert or consultant who is also an agent or employee of any of the designating party's competitors unless the designating party consents in writing prior to the disclosure or the Court authorizes the disclosure. Counsel shall advise all persons to whom confidential materials are disclosed pursuant to this Order of the existence of this Order. Furthermore, with respect to persons not employed by counsel or the parties, counsel shall provide such persons with a copy of this Order,

inform such persons that they are subject to the Order, and obtain an executed affidavit in the form attached as Exhibit A from such persons, prior to the disclosure of confidential information. In the event that any such person refuses to execute the affidavit, counsel shall inform counsel for the designating party. If the parties to the protective order cannot agree about whether disclosure may be made to any such person refusing to execute the affidavit, the party seeking to disclose the confidential information shall file a motion seeking the Court's ruling as to whether disclosure may be made. If such a motion is filed, the documents shall be treated as confidential in accordance with this Order until further order of the Court. Counsel shall not otherwise offer or permit disclosure of any confidential documents, its contents, or any portion or summary thereof.

4. In producing documents protected under Paragraph 1 of this Order, a party to the protective order shall designate the documents for which it seeks confidential treatment pursuant to this Order by marking such documents as "CONFIDENTIAL."

5. A party shall not be obligated to challenge the propriety of a designation of material as "CONFIDENTIAL" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of documents, interrogatory responses, or deposition testimony as "CONFIDENTIAL," and the parties are unable to resolve such dispute in good faith on an informal basis, the aggrieved party may request appropriate relief from the Court and the party seeking to prevent disclosure shall have the burden of proof that there is good cause for the material to have such protection. The information shall remain as designated pending disposition of any such motion.

6. Persons having knowledge of confidential documents and information by virtue of their participation in the conduct of this litigation shall use them for that purpose only and shall not disclose such confidential documents, their contents or any portion or summary thereof to any person or persons not involved in the conduct of the litigation.

7. If any person having access to the confidential documents herein shall violate this Order, he or she shall be subject to sanctions by the Court.

8. In the event that documents or portions of transcripts designated as confidential are submitted to the Clerk of the Court for filing under seal, the party submitting the documents shall comply with the provisions of the Court's Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means in Civil Cases, Section II(J).

9. This Order, insofar as it restricts the communication and use of confidential documents and information, shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within ninety days of final adjudication, including but not limited to final adjudication of any appeals or petitions for extraordinary writs, all documents produced in this litigation or otherwise designated as confidential, and all copies or summaries thereof, shall be returned to the party which produced such materials upon request.

10. The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, use documents at depositions, prepare for trial, present proof at trial including any document previously produced as a confidential document herein, or oppose the production or admissibility of any information or documents which have been requested.

11. In the event any confidential information is used in any court proceeding in this action, it is the intent of the parties to the protective order that such information shall not lose its confidential status through such use. Subject to the Court's procedures and requirements, the parties to the protective order agree they will confer and cooperate in presenting to the court a practical procedure for maintaining the confidentiality of confidential information within the courtroom.

12. This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court or until such time as the parties to the protective order may petition the Court to modify or amend its terms as the scope of discovery dictates.

13. A waiver by any party to the protective order of any provision of this Order for any purpose shall not constitute or be deemed to constitute a waiver (a) of any other provision of this Order, (b) for any other purpose, or (c) of any other right of such party.

14. By entering into this Order, no party to the protective order waives any objections it may have regarding the production of any documents covered by this Order.

15. This Order in no way limits the right of a party to the protective order to disclose information which that party has designated as confidential information.

16. The parties to the protective order expressly agree that any party to this protective order or any member of the public may challenge the secreting of any document under Paragraph 1 of this Order.

/s/ Larry M. Schumaker
Larry M. Schumaker, Ks. U.S.D.C. #70450
10401 Holmes Road
Suite 480
Kansas City, Missouri 64131
(816) 941-9994
(816) 941-8244 FAX
larryschumaker@sbcglobal.net
**Attorney for Plaintiff**

/s/ Charles E. Reis, IV
Charles E. Reis, IV, Ks. #23432
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 FAX
creis@bjpc.com
**Attorney for Defendant**

IT IS SO ORDERED.

Dated this 22nd day of February, 2008.

s/ DONALD W. BOSTWICK
Donald W. Bostwick
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SARA SWENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: 07-2443 JTM |
| | ) | |
| VALLEY VIEW BANCSHARES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT**

STATE OF ______________ )
)
COUNTY OF _______________ )

1. My name is ________________________________. I live at __________________________________________.

2. I am aware that a Protective Order has been entered in Sara Swenson v. Valley View Bancshares, Inc., pending in the United States District Court for the District of Kansas (Case Number 07-2443 JTM), and a copy thereof has been given to me.

3. I acknowledge that documents and information designated as confidential pursuant to such Protective Order are being disclosed to me only upon the condition that I agree to be subject to that Order. I hereby agree to abide by and be bound by such Order, subject to all penalties prescribed therein, including contempt of Court, for disobedience of said Order.

4. I promise that the documents and information be given confidential treatment under the Protective Order entered in this case will be used by me only in connection with

assisting counsel for the parties in preparing for litigation of the above-captioned matter. I understand that any use of such confidential information in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of this Court for contempt.

5. I promise that I will not disclose or discuss such confidential documents or information with any person other than the parties, and counsel for the parties or members of their staff.

FURTHER AFFIANT SAYETH NOT.

_____________________________
Signature of Affiant

_____________________________
Affiant's Printed Name

Subscribed and sworn to before me this _______ day of ___________, 2008.

_____________________________
Notary public

My Commission Expires:

____________________